UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                                   CRIMINAL ACTION NO. 5:10-CR-5-DCB-LRA

NANCY WATTS                                                          DEFENDANT

ORDER

This matter is before the Court on Defendant Nancy Watts' Motion to Lower Restitution [ECF No. 42]. Having reviewed the Motion, supporting memoranda, and applicable statutory and case law, the Court finds as follows:

On July 14, 2010, Defendant Nancy Watts pleaded guilty to two counts of Bank Fraud and one count of Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1344 and 1028A. On October 4, 2010 the Court sentenced Watts to a total of 67 months in prison with five years of supervised release. Restitution was ordered in the amount of $148,044.95, along with a $300 special assessment. The Court ordered payment on the criminal debt to begin immediately, that Watts pay monthly installments of $100 to commence 30 days after release from imprisonment, and that, "payment of criminal monetary penalties is due during imprisonment." [ECF No. 18] at 6.

1

On December 9, 2016, Watts was indicted by a Grand Jury in Jackson County, Mississippi for the charge of Uttering Forgery. Watts was given a $3,000 recognizance bond. On March 20, 2017, Watts failed to appear in the Circuit Court of Jackson County and a Bench Warrant was issued for her arrest. This resulted in a revocation under the terms of her federal supervised release. Watts was returned to the custody of the Bureau of Prisons for a total of 24 months, to be followed by 24 months of supervised release, by Judgment entered on July 30, 2018. On March 11, 2021, Watts was released from the Bureau of Prisons' custody and is currently processing through the Residential Reentry Management (RRM) field office in Atlanta, Georgia.

The government notes that Watts has made payments periodically, some of which were in excess of the $100 monthly payment set at sentencing; thus her economic condition positively changed post-incarceration. Watts made a payment of $100 toward restitution in April 2021, making the total collected $8,009.43, and leaving a remaining balance of $140,335.52 owed in restitution. On May 28, 2021, Watts filed a Motion to Lower Restitution Payments requesting that the Court lower her monthly payments to $50 a month.

### Discussion

Modification of a restitution order is governed by 18 U.S.C. § 3664(k) which provides in pertinent part that upon the receipt of a material change in economic circumstances, "the court may, on its own motion, or the motion of any party ... adjust the payment schedule." By its plain and unambiguous language, the statue requires a "material change in the defendant's economic circumstances" before the court may adjust the restitution payment schedule based on this information "as the interest of justice require." Id.

Watts has presented a document from the Social Security Administration indicating that she is receiving Supplemental Security Income (SSI) amount to $529.34 each month. Watts further claims to be disabled; however, she has not presented evidence that she is unable to work. The Court finds that Watt's has not presented sufficient evidence to show that there has been a material change in her economic status.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Lower Restitution is DENIED.

SO ORDERED this the 27th day of July, 2021.

/s/ David Bramlette
UNITED STATES DISTRICT COURT